UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:14-cr-0005 |
| ) | |
| v. ) | JUDGE TRAUGER |
| ) | |
| ) | |
| KAYLA LUNA ) | |

## PLEA AGREEMENT

The United States of America, through David Rivera, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Scarlett S. Nokes, and the defendant, Kayla Luna, through the defendant's counsel, Caryll Alpert, pursuant to Rules 11(c)(1)(B) and (c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. The defendant acknowledges that she has been charged in the one-count information in this case with federal program fraud in violation of Title 18, United States Code, Section 666(a)(1)(A). The defendant likewise acknowledges the forfeiture allegation in the information in the amount of $135,000.00.

2. The defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney. The defendant fully understands the nature and elements of the crime with which she has been charged.

### Charge to Which The Defendant is Pleading Guilty

3. By this Plea Agreement, the defendant agrees to enter a voluntary plea of guilty to the

1

one count information, charging federal program fraud. In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Penalties

4. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum penalties:

Federal Program Fraud: (a) a maximum term of ten (10) years imprisonment; (b) a fine not to exceed $250,000; (c) a term of supervised release of not more than three years; and (d) a mandatory special assessment of $100 to be deposited into the Crime Victim Fund. Restitution is an issue in this case and is addressed in paragraph 13.

Defendant also understands that as a result of her offense, she is subject to forfeiture of property as alleged in the information.

## Acknowledgments and Waivers Regarding Plea of Guilty
## Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and the defendant regarding the defendant's criminal liability in case 1:14-cr-0005.

6. The defendant understands that by pleading guilty she surrenders certain trial rights, including the following:

    a. If the defendant persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if the defendant, the government, and the Court all agreed to have no jury.

2

b.  If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent; and that the government bears the burden of proving the defendant guilty of the charge(s) beyond a reasonable doubt..

c.  If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant would have a privilege against self-incrimination so that she could testify or decline to testify, and no inference of guilt could be drawn from her refusal to testify.

7.  The defendant understands that by pleading guilty she is waiving all of the trial rights set forth in the prior paragraph. The defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

3

## Factual Basis

8. The defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt as well as a basis for forfeiture of the property described elsewhere in this Plea Agreement:

The defendant was employed by the Wayne County, Tennessee School System as a bookkeeper from July 1, 2008, until her termination in January 2013. While employed in that position Luna used school department Wal-Mart credit cards to purchase approximately $135,000 of goods and prepaid gift cards for her personal use.

Auditors from the Tennessee Comptroller's Office discovered indications of fraud during a routine audit of the Wayne County School Department for the fiscal year ending June 30, 2012. As the bookkeeper for the school system, Luna kept track of the general fund, prepared the payroll checks, and paid all of the bills. Kayla was terminated from that position in January 2013 based on findings in the audit.

After Luna's termination, school system employees in the accounts payable department received a monthly billing statement from Wal-Mart detailing charges made on multiple Wal-Mart credit cards issued to the school system. Two particular cards contained several charges that appeared to be of a personal nature. School system personnel believed, and Luna confirmed, that Luna possessed and used both of the credit cards in question to make Wal-Mart purchases. The school system requested replacement statements from Wal-Mart when they discovered that no copies from July 2008 through January 2013 had been maintained in the vendor payment files. Auditors reviewed the statements and found questionable charges of a

4

personal nature totaling approximately $135,000. The purchases were primarily for pre-paid gift cards ($73,000) and grocery items. The school department did not locate any purchase orders related to any of the credit card purchases.

Luna was interviewed by federal law enforcement agents and admitted that she used the credit cards for personal purchases beginning in 2010 or 2011. She also stated that she used the cards to make purchases while she was on family vacations in the Smoky Mountains, Panama City Beach, Florida, and Tunica, Mississippi. She told investigators that she used the pre-paid gift cards for gas and to shop at stores such as Kohl's.

The Wayne County School System received IDEA grants administered by the U.S. Department of education in excess of $10,000 in 2009, 2010, 2011, and 2012.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for the defendant's plea of guilty, criminal forfeiture, and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to the defendant and to the United States concerning the defendant's and/or others' involvement in the offense conduct and other matters.

### Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing the defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2013.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United

States and defendant agree, pursuant to Rule 11(c)(1)(B), to the following, but the parties further agree that the sentence agreed to herein is not dependent on these calculations:

    a. **Offense Level Calculations.**

        i. The base offense level for Count One is 6, pursuant to U.S.S.G. § 2B1.1(a)(2).

        ii. The parties agree that a ten-level enhancement applies pursuant to U.S.S.G. § 2B1.1(b)(1)(F) because the loss amount was $135,000.

        iv. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through her allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because the defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

        v. The applicable adjusted offense level is **13**.

    b. **Criminal History Category.** The parties do not have an agreement as to the defendant's criminal history, but anticipate that she will be Criminal History Category I.

    c. **Recommended Guidelines Range**: Therefore, the parties agree to

recommend to the Court a final offense level of **13** (the "<u>**Recommended Offense Level**</u>"). Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

    d.  The defendant is aware that any estimate of the offense level or guidelines range that the defendant may have received from her counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court. The defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

<u>**Agreements Relating to Sentencing**</u>

  11.  This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court, notwithstanding the advisory guidelines calculation, shall include a term of probation of three years. Other than the agreed term of probation, the parties have agreed that the Court remains free to impose the sentence

7

it deems appropriate. If the Court accepts and imposes the agreed terms of probation set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of probation, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. The defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

13. Regarding restitution, the parties acknowledge that the amount of restitution owed to the victims totals $135,000 and that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution in this amount, minus any credit for funds repaid prior to sentencing.

14. Defendant agrees to pay the special assessment of $100 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

<u>Forfeiture or Abandonment of Property</u>

15. The information charges that defendant is liable to the United States for approximately $135,000.00, which funds are subject to forfeiture because these funds were involved in the violations alleged the information. By entry of a guilty plea to the information, defendant acknowledges that the property identified above is subject to forfeiture.

16. Defendant agrees to the entry of a forfeiture judgment in the amount of $135,000.00, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership she has in the above-described

funds and further agrees to the seizure of these funds so that these funds may be disposed of according to law.

17. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

18. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against her, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19. The defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including her recent income tax returns as specified by the Probation Officer. The defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of her sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

20. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United

States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against the defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

### Waiver of Appellate Rights

21. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether she is guilty of the crime to which she is agreeing to plead guilty; and (ii) trial rights that might have been available if she exercised her right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence that includes a term of probation of three years as set forth in this agreement. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence that includes a term of probation of three years as set forth in this agreement.

### Other Terms

22. The defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which the defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23. Should the defendant engage in additional criminal activity after she has pled guilty but prior to sentencing, the defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

24. The defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

25. The defendant understands that her compliance with each part of this Plea Agreement extends until such time as she is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. The defendant further understands that in the event she violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Plea Agreement, or may require the defendant's specific performance of this Plea Agreement.

26. The defendant and her attorney acknowledge that no threats have been made to cause the defendant to plead guilty.

27. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

28. **The Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 10-15-14

Kayla Luna
Defendant

29. **Defense Counsel Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant her rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to the defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: October 15, 2014

Caryll Alpert
Counsel for Defendant

Respectfully submitted,

David Rivera
United States Attorney

By: Scarlett S. Nokes
Scarlett Singleton Nokes
Assistant United States Attorney

John Webb
Deputy Criminal Chief

12